IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RASHAN FULLER, | § | |
| | § | No. 27, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 1110014613 (N) |
| STATE OF DELAWARE, | § | 1201016444 (N) |
| | § | |
| Appellee. | § | |

Submitted: February 17, 2025
Decided: February 24, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

After consideration of the notice to show cause and the responses thereto, it appears to the Court that:

(1) On January 21, 2025, the appellant, Rashan Fuller, filed a notice of appeal from the Superior Court's December 13, 2024 corrected order[1] denying his motion for correction of illegal sentence. Under Supreme Court Rule 6, a timely notice of appeal was due on or before January 13, 2025. The Senior Court Clerk

---

[1] The Superior Court issued its order denying Fuller's motion for correction of illegal sentence on December 10, 2024. As the State notes in its response to the notice to show cause, that order incorrectly identified one of Fuller's criminal case numbers. The December 13, 2024 corrected order reflects the correct case numbers and is otherwise identical to the order issued on December 10.

therefore issued a notice directing Fuller to show cause why this appeal should not be dismissed as untimely filed.

(2) In response to the notice to show cause, Fuller tells the Court that he sent a notice of appeal to the mailbox at James T. Vaughn Correctional Center on the evening of January 9, 2025, and that his notice of appeal therefore should have arrived at the Court before the January 13, 2025 deadline.

(3) Time is a jurisdictional requirement.[2] A notice of appeal must be *received* by the Court within the applicable time period to be effective.[3] An appellant's prisoner *pro se* status does not excuse his failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] An untimely appeal cannot be considered unless an appellant can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel.[5] "Correctional officers and other prison personnel are not court-related personnel, and "Delaware has not adopted a rule similar to the federal prison mailbox rule, which deems a notice of appeal filed at the time it is delivered to prison authorities for mailing."[6]

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] *See Smith v. State*, 47 A.3d 481-82 (Del. 2012) (dismissing a prisoner's *pro se* appeal, filed one day late, as untimely).
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[6] *Evans v. State*, 2024 WL 4002304, at *1 (Del. Aug. 29, 2024) (internal quotation marks and citations omitted).

2

(4)    Fuller does not claim, and the record does not reflect, that his failure to file a timely notice of appeal from the Superior Court's December 13, 2024 order is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED that the appeal be DISMISSED under Supreme Court Rule 29(b).

BY THE COURT:

*/s/ Gary F. Traynor*
Justice